CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA

12:41

SECTION 14

NO: 06-6975 DIVISION " " SECTION " "

CIVIL DISTRICT COURT

MARK and NICOLE JOHNSON

VERSUS

STATE FARM FIRE & CASUALTY INSURANCE COMPANY and NORA VADEN INSURANCE AGENCY, INC.

FILED:________________________ ____________________
DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Mark and Nicole Johnson, persons of the full age of majority and residents of New Orleans, Louisiana, who aver as follows:

8-15-06

1.

Made defendant herein is State Farm Fire & Casualty Insurance Company ("hereinafter "State Farm"), a foreign insurer authorized to do and doing business in New Orleans, Louisiana.

2.

Made defendant herein is Nora Vaden Insurance Agency, Inc., a domestic corporation authorized to do and doing business in the State of Louisiana.

3.

Venue is appropriate in this court under La. C.C.P. Art. 76 and La. C.C.P. Art. 73.

4.

Mark and Nicole Johnson established a special relationship with insurance agent Nora Vaden of Nora Vaden Insurance Agency, Inc., in

8-15-06

**VERIFIED**

CYNTHIA STROMBOE

connection with seeking advice and insurance coverage for their personal residence as well as their personal property within the residence.

5.

Nora Vaden issued and wrote flood and homeowner's insurance policies to petitioners for their residence located at 6951 Argonne Boulevard, New Orleans, Louisiana, which did not adequately protect their insurable interest in their residential structure as well as the personal property within the structure.

6.

Petitioners specifically requested additional flood insurance coverage prior to Hurricane Katrina and were advised by Nora Vaden Insurance Agency, Inc. that they had the most flood insurance available.

7.

As a result of Hurricane Katrina, petitioners suffered severe wind damage to their property prior to it flooding and State Farm has failed to adequately evaluate and tender homeowner's benefits under their policy, including but not limited to contents coverage, structure coverage and additional living expense.

8.

As a result of the negligence and breach of fiduciary duty by Nora Vaden Insurance Agency, Inc., petitioners were caused to suffer uninsured flood losses.

9.

As a result of the negligence and bad faith of State Farm, petitioners have not been paid structure, contents and additional living expense benefits due and owing under their policy.

FILED

DISTRICT COURT

10.

State Farm's conduct constitutes arbitrary and capricious behavior warranting the award of penalties and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220.

11.

Petitioners hereby plead the Louisiana Valued Policy Law as a basis for recovery of the policy limits under their homeowner's policy.

12.

Amicable demand has been made to no avail.

WHEREFORE, petitioners request that defendants be duly cited and served and after due proceedings are had that their be judgment rendered in favor of Mark and Nicole Johnson and against defendants, Nora Vaden Insurance Agency, Inc. and State Farm Fire & Casualty Insurance Company for all general and special damages to which petitioners are entitled along with interest, court costs and expert witness fees and legal interest from the date of judicial demand.

Respectfully submitted:

MANARD & MAYEAUX

BY: ______________________

PAUL E. MAYEAUX #21750
ROBERT L. MANARD #9076
1100 Poydras Street
Energy Centre, Suite 2610
New Orleans, LA 70163
(504) 585-7777

**PLEASE SERVE:**
STATE FARM FIRE & CASUALTY INSURANCE COMPANY
Through their registered agent for service:
Secretary of State

NORA VADEN INSURANCE AGENCY, INC.
Through their registered agent for service:
Nora Vaden
2121 N. Causeway Blvd., Suite 223
Metairie, LA 70001

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA

2006 AUG -3 P 12:41

NO: DIVISION " " SECTION " "

CIVIL DISTRICT COURT

MARK and NICOLE JOHNSON

VERSUS

STATE FARM FIRE & CASUALTY INSURANCE COMPANY and NORA VADEN INSURANCE AGENCY, INC.

*FILED:*____________________ ____________________

DEPUTY CLERK

**REQUEST FOR NOTICE**

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial or hearing of any pleadings or motions herein, at least ten (10) days before any trial or hearing date.

We also request notice of the signing of any final judgment or of the rendition of any interlocutory order or judgment in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted:

MANARD & MAYEAUX

BY:____________________

PAUL E. MAYEAUX #21750
ROBERT L. MANARD #9076
1100 Poydras Street
Energy Centre, Suite 2610
New Orleans, LA 70163
(504) 585-7777

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINUTE ENTRY
March 16, 2006
DISTRICT JUDGE FRANK J. POLOZOLA

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1140-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1162-FJP-CN

CONSOLIDATED WITH

GLADYS CHEHARDY, ET AL.

VERSUS

J. ROBERT WOOLEY, ET AL.

CIVIL ACTION

NO. 05-1163-FJP-CN

This matter came on this day for oral argument on subject matter jurisdiction and the motion to remand. All parties present signed the attached sign-in sheet.

Counsel present arguments.

For oral reasons assigned, the Court declines to exercise jurisdiction over the counterclaim[1] of defendant, The Standard Fire Insurance Company, under 28 U.S.C. §1367; therefore, the

[1] Rec. Doc. No. 18.

counterclaim is hereby DISMISSED without prejudice.

The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1332(d) and 28 U.S.C. §1369. Therefore:

IT IS FURTHER ORDERED that plaintiffs' motions to remand[2] are hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' claim against the Louisiana Insurance Commissioner is hereby DISMISSED, without prejudice.

IT IS FURTHER ORDERED that plaintiffs' claims against all defendants, except for State Farm Fire and Casualty Company, Allstate Indemnity Company, Allstate Insurance Company and American Insurance Company, are hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that the remaining issues in this matter shall be TRANSFERRED to the Eastern District of Louisiana.

Should it be later found on appeal that this Court did not have jurisdiction, the Court reserves the right to the Eastern District to transfer this matter back to this Court for remand.

The Court reserves its right to supplement its oral reasons given this day with written reasons should it become necessary.

******

Reporter: E. Champion

C: CV 25b; T: 2:00

---

[2] Rec. Doc. Nos. 59 and 61.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLADYS CHEHARDY, ET AL.

CIVIL ACTION

VERSUS

NO.05-1140-FJP

J. ROBERT WOOLEY
LOUISIANA INSURANCE COMMISSIONER, ET AL.

March 16, 2006(10:00 a.m.)Hearing

**PLEASE PRINT** **PLEASE PRINT**

| Name | Firm | Represent |
| --- | --- | --- |
| Judy Barrasso | Barrasso Usdin | Allstate |
| Joseph M Bruno | Bruno & Bruno | π |
| Andrew L. Plauché Jr. | Plauché Maselli | Farm Bureau |
| ALSTON JOHNSON | Phelps Dunbar | " " |
| STEVEN USDIN | BARRASSO USDIN | Chubb Custom |
| H. Minor Pipes, III | BARRASSO USDIN | Liberty Mutual |
| Jay Lonero | Lorzekre Picou | ANPAC G. Ins. Co. |
| MARShall Redmon | Phelps | FARMER'S |
| Kelly Bogart | Duplass Zwain | American Ins Co. / Fireman's Fund |
| | | |

| | | |
|---|---|---|
| Robert Siegel | Gieger/Laborde+Laperouse | Audubon Ins. Co. + Nat. Union of La. |
| Ralph Hubbard | Lugenbuhl | Standard Fire |
| JOHN UNSWORTH | Hailey, McNamara | CLARENDON |
| David Fawley | " " | " |
| Blayne Honeycutt | Fayard + Honeycutt | π |
| Calvin Fayard | " " | π |
| Wayne Lee | Stone Pigman | State Farm |
| Stephen Bullock | " | " |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| | * | CIVIL ACTION |
| MARK AND NICOLE JOHNSON | * | |
| | * | NO. |
| Plaintiffs | * | |
| | * | *SECTION " "* |
| VERSUS | * | |
| | * | JUDGE |
| STATE FARM FIRE & CASUALTY INSURANCE | * | |
| COMPANY AND NORA VADEN INSURANCE | * | MAGISTRATE |
| AGENCY, INC. | * | |
| | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF ORLEANS

Personally appeared before me, the undersigned authority notary, William A. Gourgues sworn, deposes and says, as follows:

**1.**

I, William A. Gourgues, am a person of the full age of majority and have been employed by defendant State Farm Fire and Casualty Company ("State Farm") for 13 years. I currently occupy the position of Claim Section Manager.

[redacted]

2.

I have first hand knowledge of the facts contained within this declaration and am competent to testify thereto.

3.

As part of my responsibilities as a Section Manager, I oversee the handling of claims presented to State Farm under homeowners policies written by State Farm and flood policies serviced by State Farm that are written by the federal government.

4.

I have reviewed the Plaintiffs' State Farm Hurricane Katrina-related homeowners and flood claim files for their property at 6951 Argonne Boulevard, New Orleans, Louisiana. The coverage limits under the Plaintiffs' State Farm homeowners policy for their property at 6951 Argonne Boulevard, New Orleans, Louisiana, were $158,479 for the dwelling, $15,848 for dwelling extension, and $151,092 for personal property contents. The coverage limits under the Plaintiffs' Standard Flood Insurance Policy were $129,300 for the dwelling and $49,300 for the contents.

5.

Plaintiffs have been paid approximately $15,028.43 for damage to the dwelling under their homeowners policy.

6.

Prior to the filing of this lawsuit, Plaintiffs and their counsel made demand on State Farm for approximately $56,000 of contents coverage, as well as, additional monies for

structural damage, and additional living expenses under Plaintiffs' homeowners policy for their Hurricane Katrina claim.

William A. Gourgues

Sworn to and subscribed to before me on this the 21st day of September, 2006.

Mary L. Dumestre
Notary Public

**Mary L. Dumestre**
**State of Louisiana - Bar No. 18873**
**My commission is issued for life**