**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARK JOHNSON, ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                                         **NO. 06-6248**

**STATE FARM FIRE & CASUALTY, CO., ET AL.**            **SECTION "K" (5)**

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Remand (Rec.Doc.No. 7) of Plaintiffs Mark and Nicole Johnson ("Johnsons") against their insurer, State Farm Fire and Casualty Company ("State Farm"), and insurance agent, Nora Vaden Insurance Company ("Nora Vaden"). After reviewing the pleadings, memoranda, and the relevant law as well as hearing oral argument on November 15, 2006, the Court finds that Plaintiffs' motion has merit and hereby remands this action for the reasons assigned below.

1

# I. BACKGROUND

The Johnsons instituted this action in Civil District Court for the Parish of Orleans, State of Louisiana, and is was subsequently removed by Defendants on September 21, 2006. *See* Notice Removal (Rec.Doc.No. 1). Defendant State Farm opposes remand asserting jurisdiction under 28 U.S.C. §§ 1441 and 1332, despite the improper joinder of a non-diverse party as well as removal jurisdiction under 28 U.S.C. §§ 1441(e)(1) and 1369 ("Multiparty, Multiforum, Trial Jurisdiction Act" or "MMTJA").

Plaintiffs contend that they obtained flood and homeowner's insurance through their insurance agent, Nora Vaden. *See* Notice Removal, Exhibit A, at ¶ 5 (Rec.Doc.No. 1). Plaintiffs further aver that they sought to purchase the maximum coverage for flood damage, and Nora Vaden failed to procure such coverage. *Id.* at ¶ 6. Moreover, Plaintiffs allege that hurricane winds damaged their home and its contents prior to the flooding, and State Farm failed to adequately adjust these claims. *Id.* at ¶ 7.

Notably, Plaintiffs do not allege that State Farm owes any proceeds under the homeowner's policy for damages caused by flood or arising out of the levee breaches.

## II. LEGAL STANDARD

*A.      Removal*

Defendant's assert two grounds for jurisdiction in their notice of removal and opposition to the instant motion to remand. Pursuant to 28 U.S.C. §1441, an action can be removed if it could have been brought under 28 U.S.C. § 1332. The burden of proof for establishing federal jurisdiction is placed on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). If the right to remove is doubtful, the case should be remanded. *Ryan v. Dow Chemical,* 781 F. Supp. 934, 939 (E.D.N.Y. Jan. 29, 1992).

An action can also be removed pursuant to 28 U.S.C. 1441(e)(1), if the defendant in the state court action can show either: 1) the action could have been brought under 28 U.S.C. § 1369; or 2) the action arises from the same accident as an action in which the defendant is a party, which is or could have been brought under 28 U.S.C. § 1369. 28 U.S.C. § 1441(e)(1) (West 2006); *see Flint v. Louisiana Farm Bureau Mut. Ins. Co.*, 2006 WL 2375593, at *1 (E.D. La. Aug. 15, 2006).

# III. ANALYSIS

### A.      *Misjoinder of Claims*

There is a question raised as to whether the claims against the insurance agent is misjoined with that against State Farm. Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not ground for dismissal of an action."  However, the rule does provide a remedy for misjoinder in that "[a]ny claim against a party may be severed and proceeded with separately." *Id.* The district court has broad discretion to sever improperly joined parties. *Anderson v. Red River Waterway Co.,* 231 F.3d 211, 214 (5th Cir.2000) ( *citing Brunet v. United Gas Pipeline,* 15 F.3d 500, 505 (5th Cir.1994)). In deciding whether parties are properly joined, the Court turns to Rule 20, which provides that, "persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a).

Thus, permissive joinder is proper when "(1) [the] right to relief arose "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) ⋯there is a question of law or fact common to all of the plaintiffs that will arise in the action." *Porter v. Milliken & Michaels, Inc.,* 2000 WL 1059849 at *1 (E.D. La. Aug. 1, 2000) (citations omitted). "Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)." Wright, Miller & Kane, *Federal Practice & Procedure,* § 1653 (1986). Thus, to determine whether the

two prong test of Rule 20 is satisfied, "the Courts should consider such things as whether there is a logical relationship between the claims, and whether there is any overlapping proof or legal question." *Little v. Bellsouth Telecommunications,* 1995 WL 468256 at *1 (E.D. La Aug. 7, 1995); *See also Alexander v. Fulton County,* 207 F.3d 1303 (11th Cir.2000).

That being said, "[t]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests." Wright, Miller & Kane, *Federal Practice & Procedure,* § 1653 (1986). "They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Id.*

Here, the Plaintiffs are suing their insurer and the agent who sold the policy. Although the causes of action are different among the defendants, "there [is] a palpable or real connection between the claims and the parties joined." *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, at * 4 (E.D. La. Sept. 6, 2006) (Lemmon, J.) (*citing Radlauer v. Great Northern Ins. Co.*, 2006 WL 1560791 (E.D. La. May 16, 2006) (Zainey, J.). In other words, the object of the litigation, i.e. the insurance contract, is common among the parties, and consolidating these claims fosters judicial economy. Furthermore, as Plaintiff noted in oral argument, the common issues involve the allocation of damages among the parties, and it could potentially lead to inconsistent results to allocate fault to litigate these claims in separate proceedings. Thus, the Court finds that Defendant's claim of misjoinder of claims is without merit.

B.      MMTJA

Defendants contend that the Court has jurisdiction over this action pursuant to both

1441(e)(1)(A) and (B). The statute provides in pertinent part:

> (e)(1)  Notwithstanding the provisions of subsection (b) of this
> section, a defendant in a civil action in a State court may
> remove the action to the district court of the United States for
> the district and division embracing the place where the action
> is pending if–
>
> (A)     the action could have been brought in a United States
> district court under section 1369 of this title; or
>
> (B)     the defendant is a party to an action which is or could
> have been brought, in whole or in part, under section
> 1369 in a United States district court and arises from
> the same accident as the action in State court, even if
> the action to be removed could not have been brought
> in a district court as an original matter.

28 U.S.C. § 1441(e)(1) (West 2006).

Under Section 1441(e)(1)(A) , the action is removable if it could have been brought by a

plaintiff under 28 U.S.C. § 1369 in the first instance. Section 1369 provides that:

> (a)     The district courts shall have original jurisdiction of any civil
> action involving minimal diversity between adverse parties
> that arises from a single accident, where at least 75 natural
> persons have died in the accident at a discrete location, if--
>
> (1)     a defendant resides in a State and a substantial part of
> the accident took place in another State or other
> location, regardless of whether that defendant is also
> a resident of the State where a substantial part of the
> accident took place;
>
> (2)     any two defendants reside in different States,
> regardless of whether such defendants are also
> residents of the same State or States; or
>
> (b)     The district court shall abstain from hearing any civil action
> described in subsection (a) in which-
>
> (1)     the substantial majority of all plaintiffs are citizens of
> a single State of which the primary defendants are

6

also citizens; and

(2)    the claims asserted will be governed primarily by the laws of that State.

(c)    For purposes of this section –

(1)    minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in section 1603(a) of this title;

(2)    a corporation is deemed to be a citizen of any State, and a citizen or subject of any foreign state, in which it is incorporated or has its principal place of business, and is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business;

(3)    the term "injury" means
    (A)    physical harm to a natural person; and
    (B)    physical damage to or destruction of tangible property, but only if physical harm described in subparagraph (A) exists;

(4)    the term "accident" means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons; and

(5)    the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

28 U.S.C. § 1369 (West 2006).

Defendants maintain that the action can be removed under either Section 1441(e)(1)(A) or (B). To establish jurisdiction under Section 1441(e)(1)(A), the removing party must establish that the action could have been brought under Section 1369. 28 U.S.C. § 1441(e)(1)(A). One of the requirements of Section 1369 is that the action arise out of a "single accident where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). As defined by the statute, an "accident" is a "sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." 28

U.S.C. § 1369(c)(4).

As many other homeowner's insurers have attempted to do since Hurricane Katrina, State Farm argues that the hurricane itself was the accident. Not only has this Court refused to concur with this proposition, no court in this District has adopted such a construction of Section 1369. *See Flint*, 2006 WL 2375593, at *3; *Southern Athletic Club, L.L.C. v Hanover Ins. Co.*, 2006 WL 2583406, at *5 (E.D. La. Sep. 6, 2006); *Fradella's Collision v. Lafayette Ins. Co.*, 2006 WL 3258332, at *1 (E.D. La. Oct. 30, 2006); *Fidelity Homestead Assoc. v. Hanover Ins. Co.*, 2006 WL 287352 (E.D. La. Oct. 5, 2006). *Jackson v. State Fire & Cas. Ins. Co.*, 2006 WL 3332835 (E.D. La. Nov. 9, 2006).

Because of other courts' reliance on the *Flint* reasoning and the continued persistence of homeowner's insurers in asserting that Hurricane Katrina is an "accident' under Section 1369, the Court will briefly clarify its position in *Flint*. Certainly, much of the confusion surrounding this issue arises from *Chehardy v. La. Ins. Comm.*, *et al.*, No. 05-1140 (M.D. La. Mar. 16, 2006).[1] As noted in *Flint*, Judge Polozola did not give written reasons for his finding of jurisdiction under Section 1369. *Flint*, 2006 WL 2375593, at *2; *see also* fn.4. Therefore, the Court held that the designation of Hurricane Katrina as an "accident" was only speculation by the Defendants. *Id.*

Moreover, the Fifth Circuit did not address the basis for Section 1369 jurisdiction in *Chehardy*, though it had the opportunity to do so in *Wallace v. Louisiana Citizens Property Ins.*

---

[1] *Chehardy,* Civil Action Nos. 06-1672, 06-1673, 06-1674, was filed in the United States District Court for the Middle District of Louisiana, and subsequently, transferred to the Eastern District of Louisiana. *Chehardy* is currently pending before this Court. It is worth noting that there were other grounds for subject matter jurisdiction in *Chehardy*, including CAFA.

*Co.*, 444 F.3d 697 (5th Cir. 2006). As noted in *Flint*, the *Wallace* defendants were attempting to establish Section 1441(e)(1)(B) piggy-back jurisdiction to *Chehardy*, which would permit the exercise of federal jurisdiction in *Wallace* if, *inter alia*, the action arose out of the same "accident" as the action in *Chehardy*.[2] While an argument can be made that the Fifth Circuit's acknowledgment of Section 1441(e)(1)(B) supplemental jurisdiction in *Wallace* presupposes original jurisdiction under Section 1369(a) in *Chehardy*, the findings of jurisdictional facts under Section 1369 were left unarticulated by both Judge Polozola and the Fifth Circuit.

In this way, the Court reiterates that there is simply no jurisprudence to suggest that Hurricane Katrina is an "accident" under Section 1369, and any assertion that *Chehardy* or *Wallace* stand for such a proposition, is conjectural at best.

Thus, the question before the Court in this case, as it was in *Flint*, is whether Hurricane Katrina was an "accident" under Section 1369. The Court finds that it is not such an "accident". Plaintiffs' cause of action here arises out of wind damage that occurred to their home during the storm, and there is no allegation that State Farm is liable for damages caused by flooding.[3] This action clearly arises out of Hurricane Katrina, and consequently, the Court finds that there is no jurisdiction over this case under Section 1441(e)(1)(A).

_____

[2] While the Fifth Circuit notes the petitioners in *Wallace* argue that Hurricane Katrina is the "accident," the Court never actually reaches this conclusion in its decision. 444 F.3d at 699. Additionally, *Wallace* does not directly deal with the application of § 1369(a) jurisdiction, but rather it merely concludes that the abstention provision of § 1369(b) does not apply to cases removed under § 1441(e)(1)(B). Therefore, the Court does not conclude that Hurricane Katrina has been deemed an "accident" under § 1369(a) in *Wallace. Flint*, 2006 WL 2375593, at *3.

[3] The Court engaged in its own speculation in reviewing the *Chehardy* decision in *Flint*. The question of whether a levee breach could be an "accident" under Section 1369 was not presented to the Court in *Flint*, and such the notion that it was an "accident" was merely dicta as it was unnecessary to the *Flint* holding.

As for jurisdiction under Section 1441(e)(1)(B), this action does not arise out of a levee breach, which is the putative "accident" under Section 1369 in other Katrina-related cases before the Court. This Court, and no other court to its knowledge, has yet to directly address whether the levee breaches or a levee breach constitutes an "accident" under Section 1369, and the Court declines to do so in this matter as it is not before the Court. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 7) is **GRANTED** and the case is to be **REMANDED**.

New Orleans, Louisiana, on this __28th__ day of November, 2006.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**